UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
(Kansas City Docket)

FILED IN OPEN COURT
10-20-16
TIMOTHY M. O'BRIEN, CLERK
BY _Sara Sprague_
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-20072-CM |
| GORAN SABAH GHAFOUR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, D. Christopher Oakley, and Goran Sabah Ghafour the defendant, personally and by and through his counsel, Jacquelyn E. Rokusek, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.**  The defendant agrees to plead guilty to Counts One and Two of the Indictment.  Count One charges Visa Fraud in violation of 18 U.S.C. § 1546. Count Two charges Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.  By entering into this Plea Agreement, the defendant admits to knowingly committing the offenses, and to being guilty of the offenses.  The defendant understands that the maximum sentence which may be imposed as to Count One of the Indictment is not more than ten years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 mandatory special assessment.  The sentence for Count Two is two years of imprisonment consecutive to Count One, a fine not to exceed $250,000, not more than one year of supervised release, and a $100 special assessment

2.    **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

On June 24, 2014, the defendant, Goran Sabah Ghafour, applied for a Visa from the United States Citizenship and Immigration Services (USCIS). The defendant submitted the Visa application under a special provision which allows for former Iraqi nationals who worked for or on behalf of the United States Government in Iraq to obtain Visas under certain conditions. The application requires the applicant to provide a "chief of mission letter" which details exactly what services were provided to the government.

In his application process, the defendant falsely claimed to have worked for the United States Army as a translator in Iraq. On June 3, 2015, the defendant forwarded a letter to USCIS in support of his Visa application. The letter purported to have been prepared by a United States Army Brigadier General. The letter falsely stated that that defendant worked for the United States Army as a translator. The person who allegedly wrote the letter is a real person. However, the person was a Colonel in the Army and not a General. When contacted by investigators, the Colonel stated that he did not know the defendant. He did not write the letter and did not give anyone permission to do so. He stated the information in the letter was false.

3.      **Application of the Sentencing Guidelines.** The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4.      **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of

2

calculating the offense level for the count(s) of conviction, in accordance with United States

Sentencing Guidelines (U.S.S.G.) § 1B1.3.

     5.    **Government's Agreements.**  In return for the defendant's plea of guilty as set

forth herein, the United States Attorney for the District of Kansas agrees:

     (a)    to dismiss the remaining count of the Indictment at the time of sentencing;

     (b)    to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

     (c)    to recommend a sentence at the low end of the applicable Guideline range, and to allow the defendant to reserve the right to request a downward departure and/or a variance; and

     (d)    To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility.  In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's

continuing to manifest an acceptance of responsibility.  If the defendant denies or gives

conflicting statements as to his involvement, falsely denies or frivolously contests relevant

conduct the Court determines to be true, willfully obstructs or impedes the administration of

justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in

additional criminal conduct, the United States reserves the right to petition the Court for a

hearing to determine if he has breached this Plea Agreement.

     If the Court finds by a preponderance of the evidence that the defendant (1) has breached

or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of

justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in

additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms,

the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Information Provided by Defendant.** The United States agrees to not use new information the defendant provides about his own criminal conduct, except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court, but may not be used against him to determine his applicable Guideline range or to depart above the applicable Guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) if the defendant breaches this Plea Agreement.

4

8.      **Identification of Assets & Agreement Concerning Monetary Penalties**

**(Restitution, Fines, Assessments, and Forfeiture:**     The defendant agrees to cooperate fully

with the United States Attorney's Office and specifically agrees as follows:

(a)      He agrees to provide a financial statement on a form approved by the United
States Attorney's Office that discloses all assets in which he has any interest or
over which he exercises control, directly or indirectly, including those held by a
spouse, nominee, or other third party, as well as any transfer of assets that has
taken place within three years preceding the entry of this Plea Agreement.

(b)      He agrees to submit to an examination, prior to and/or after sentencing, which
may be taken under oath, and which may include a polygraph examination.

(c)      He acknowledges that any waivers, consents, or releases he signed for purposes of
the Presentence Report extend to the United States Attorney's Office.

(d)      He agrees to not encumber, transfer, or dispose of any monies, property, or assets
under his custody or control, without written approval from the United States
Attorney's Office.

(e)      He understands and agrees that whatever monetary penalties the Court imposes
(including any fine, restitution, assessment, or forfeiture judgment), these
monetary penalties will be due and payable immediately and subject to immediate
enforcement by the United States.  If the Court imposes a schedule of payments,
he understands that the schedule of payments is merely a minimum schedule of
payments and not the only method, nor a limitation on the methods, available to
the United States to enforce the judgment.  If he is incarcerated, he agrees to
participate in the Bureau of Prisons' Inmate Financial Responsibility Program,
regardless of whether the Court specifically directs participation or imposes a
schedule of payments.

(f)      If he posted funds as security for his appearance in this case, he authorizes the
Court to release the funds and apply them to satisfy his financial obligations,
pursuant to the Court's judgment.

(g)      He waives any requirement for demand of payment on any restitution, fine,
assessment, or forfeiture judgment the Court announces on the record the day of
sentencing.

9.      **Withdrawal of Plea Not Permitted.**  The defendant understands that if the Court

accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be

permitted to withdraw his guilty plea.

10.    **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing.  The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing.  If the defendant fails to make full payment of the special assessment, the United States will no longer be bound by the provisions contained in Paragraph 5 of this agreement.  The defendant has the burden of establishing an inability to pay the required special assessment.  The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11.    **Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release.  The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed.  The defendant also waives any right to challenge his sentence,  or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable.  However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a).

6

Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12.     **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552.  The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13.     **Waiver of Claim for Attorney's Fees.**  The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

14.     **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning his background, character, and conduct, including the entirety of his criminal activities.  The defendant understands these disclosures are not limited to the count to which he is pleading guilty.  The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

15.     **Deportation Consequences.**  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which he is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty, regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

16.     **Parties to the Agreement.**  The defendant understands this Plea Agreement binds only him and the United States Attorney's for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

17.     **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided.  Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

18.     The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty.  He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

D. Christopher Oakley
Assistant United States Attorney

Date: 10 - 18 - 16

Scott C. Rask
Criminal Chief/Supervisor

Date: 10-18-16

Goran Sabah Ghafour
Defendant

Date: 10-20-16

Jacquelyn E. Rokusek
Counsel for Defendant

Date: 10/20/16