UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
(Kansas City Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 16-20072-01-CM |
| ) | |
| GORAN SABAH GHAFOUR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**SENTENCING MEMORANDUM**

The United States of America, by and through D. Christopher Oakley, respectfully submits the following Sentencing Memorandum. For the reasons stated below, the United States requests the Court to sentence the defendant to a total term of twenty-six months imprisonment, which is a downward variance from the advisory Sentencing Guidelines.

The defendant pleaded guilty to Count One, charging visa fraud in violation of 18 U.S.C. § 1546 and Count Two, charging aggravated identity theft, in violation of 18 U.S.C. § 1028A. Pursuant to statute, the sentence for Count Two is two years imprisonment consecutive to the sentence for Count One. (See 18 U.S.C. § 1028A). The PSR calculates the offense level for Count One (after a reduction for acceptance of responsibility) at 9, resulting in a sentencing range of 4 to 10 months. (See *PSR*, Doc. 25, at 12). Therefore, a sentence at the low-end of the Guidelines for both counts would be 28 months.

The defendant requests a sentence of twenty-four months (See *Def's Sentencing Memo*, Doc. 27, filed 12/22/16), which is the minimum sentence available given the mandatory two-year sentence for Count Two.  The defendant cites his work as a journalist and author, along with his support of the United States government as a basis for variance.  The defendant accurately cites controlling caselaw which allows the court to give a sentencing variance based upon the factors set forth at 18 U.S.C. § 3553(a).

Based upon the information provided by the defendant, including the defendant's educational and work experience, and his wife's medical issues, the government does not oppose a variance.  However, the government suggests that fifty percent variance of the sentence for Count One (a reduction from four months to two months) is appropriate when the Court considers that the defendant not only submitted false information on his own visa application, but also assisted others in applying for Visa applications and those persons provided false information to the United States. Further, the defendant stole the identity of two military officers.

Therefore, the United States does not object to a slight downward variance, based upon the information provided by the PSR and the defendant's motion.  However, a variance of two months more appropriately takes into account the § 3553(a) factors.

                                                    RESPECTFULLY SUBMITTED,

                                       THOMAS E. BEALL
                                       United States Attorney
                                       District of Kansas


                                       <u>s/ D. Christopher Oakley for</u>
                                       D. Christopher Oakley
                                       United States Attorney
                                       District of Kansas
                                       500 State Ave., Suite 360
                                       Kansas City, KS 66101
                                       Ks. Bar No. 19248
                                       913-551-6730
                                       913-551-551-6541
                                       chris.oakley@usdoj.gov


### **Certificate of Service**

    I hereby certify that on the 29th day of December, 2016, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel.

                                       <u>s/ D. Christopher Oakley</u>
                                       Assistant United States Attorney